UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS, | Case No. 1:24-cv-01176-JLT-CDB (PC) |
| Plaintiff, | ORDER STAYING DISCOVERY PENDING RULING ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | |
| SEARGENT J. BURNS, *et al.*, | (Docs. 33, 36) |
| Defendants. | |

Plaintiff Devonte B. Harris ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.

**Relevant Background**

Following screening, this action proceeds on Plaintiff's complaint, filed October 3, 2024, against Defendants CSP Seargent J. Burns, CSP Lieutenant C. Gonzales, CSP Lieutenant E. Munoz, and CSP correctional officers A. Rodriguez and Gregory (collectively, "Defendants") for claims under the First Amendment for retaliation and the Eighth Amendment for excessive force. *See* (Docs. 1, 5).

On December 23, 2025, Defendants filed an answer to the complaint. (Doc. 18). On February 13, 2026, the Court issued its discovery and scheduling order. (Doc. 33). On May 13, 2026, Defendants filed a second amended answer to the complaint. (Doc. 34).

///

**Discussion**

Also on May 13, 2026, Defendants filed a motion for judgment on the pleadings and a related motion to stay discovery and to vacate all current deadlines pending the Court's ruling on the motion for judgment on the pleadings. (Docs. 35, 36). Defendants contend that the pending motion for judgment on the pleadings is potentially dispositive of the entire action such that discovery would be "needless if the Court grants" the motion. (Doc. 36 at 1-2). Although Plaintiff has not yet filed a response to Defendants' motion to stay discovery, the Court deems one unnecessary before ruling on the motion.

District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. *Clinton*, 520 U.S. at 708.

In considering a stay of proceedings, a court must the weigh competing interests that will be affected by the grant or refusal to grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

The Court finds that there is little to no risk of possible damage that might result from granting a stay. Although discovery commenced in February 2026, a stay of these proceedings will merely suspend the remaining discovery deadlines until a determination of the pending motion for judgment on the pleadings—which may be dispositive of the entire action—is issued. If the motion is denied, the Court will issue an amended discovery order with new deadlines. Therefore, no party

2

is disadvantaged by the requested stay.

Next, considering the hardship or inequity which a party might suffer in being required to go forward, the undersigned finds the parties would suffer such hardship by being required to participate in and expend resources, potentially needlessly in connection with unnecessary discovery to meet the deadlines previously imposed before Defendants' pending motion is decided. Finally, the Court finds the orderly course of justice favors a stay because resolution of Defendants' pending motion for judgment on the pleadings has the potential to dispose of this entire action. In any event, a stay would not complicate the issues, proof, or questions of law and may in fact narrow the issues. *CMAX, Inc.*, 300 F.2d at 268. Further, Defendants' requested stay of discovery is limited to the period it will take for the Court to issue a final ruling on Defendants' pending motion. Thus, it is neither indefinite nor especially long. *Dependable Highway Exp., Inc.*, 498 F.3d at 1066-67; *Yong*, 208 F.3d at 1119.

At present, the deadline for the completion of discovery is October 13, 2026, and the deadline for filing dispositive motions is December 24, 2026. The Court finds good cause to stay further discovery pending resolution of the pending motion for judgment on the pleadings. *Jones*, 520 U.S. at 706; *Hunt*, 672 F.3d at 616.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Discovery (Doc. 33) is STAYED pending final resolution of Defendants' motion for judgment on the pleadings (Doc. 35); and

2. The Court will reset the relevant deadlines in due course.

IT IS SO ORDERED.

Dated:    **May 15, 2026**                    _____

UNITED STATES MAGISTRATE JUDGE

3